## In re Wallace E. LOCKHART and Nancy L. Lockhart, Debtors.

### Michael J. IANNACONE, Trustee, Plaintiff,

v.

### Wallace E. LOCKHART, Nancy L. Lockhart, Debtors, and Public Employee's Retirement Association, Defendants.

### Nos. 3–87 BKY 1727, 3–88 CIV 77.

United States District Court, D. Minnesota, Third Division.

May 11, 1988.

Michael Iannacone, St. Paul, Minn., Trustee.

Richard J. Pearson, New Brighton, Minn., Jon K. Murphy, Sp. Asst. Atty. Gen., St. Paul, Minn., for defendants.

#### ORDER

ALSOP, Chief Judge.

The above entitled matter comes before the court upon appeal by the Trustee of the decision of the bankruptcy court regarding exemption of debtors' Public Employee's Retirement Account ("PERA"). Specifically, the bankruptcy court held that the debtors' exemption of PERA pension entitlements under Minn.Stat. § 353.15 does not violate Article 12 § 1 of the Minnesota Constitution.[1] The above entitled legal determination by the bankruptcy court is sub-

1. Because the Trustee is challenging the constitutionality of the state statute, notice was given to the Minnesota Attorney General, and the state

ject to *de novo* review. *In re Martin*, 761 F.2d 472, 474 (8th Cir.1985).

After reviewing the submissions of the parties, the order of the bankruptcy court and the relevant case law, the court is persuaded that the bankruptcy judge has identified a rational basis for limiting the exemption entitlement allowed under private pension plans to the extent reasonably necessary for the support of a debtor and his or her dependents, while not similarly limiting the exemption entitlement under PERA plans. Accordingly, the court will affirm the ruling of the bankruptcy court.

Based upon the record as presently constituted and the foregoing discussion,

IT IS ORDERED That the decision of the bankruptcy judge is affirmed.

of Minnesota has intervened in the matter prior to the ruling of the bankruptcy court.