**In re Roderick James McKEAG, Debtor.**

**Bankruptcy No. 6-88-597.**

United States Bankruptcy Court, D. Minnesota.

March 5, 1990.

David Nycklemoe, Fergus Falls, Minn., for debtor.

Michael Farrell, Barnesville, Minn., trustee.

Lowell Bottrell, Crockett & Anderson, Fargo, N.D., for trustee.

## MEMORANDUM ORDER OVERRULING OBJECTION TO EXEMPTION

NANCY C. DREHER, Bankruptcy Judge.

The above entitled matter came on for hearing before the undersigned on the 10th day of October, 1989, on the trustee's objection to debtor's claim of exemption of his interest in a Teachers Retirement Association Plan. Appearances were as follows: Lowell Bottrell for the trustee; Michael Farrell as and for the trustee; and David Nycklemoe for the debtor. This Court has jurisdiction to hear and finally determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 103. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). This memorandum, along with my two prior Memorandum Orders on this objection in this case entered August 30, 1989 [1] and December 26, 1989 respectively, shall serve as the Court's Findings of Fact and Conclusions of Law.

## DISCUSSION

As a result of my prior decisions on this objection, I am now squarely faced with the question of whether Minn.Stat. § 354.10, subd. 1 is unconstitutional as being in violation of either Article 1, § 12 or Article 12, § 1 of the Minnesota Constitution. In my Memorandum Order Sustaining Objection to Exemption entered December 26, 1989, I invited the parties to brief this issue, and they have now done so.

■ Based on the arguments that have been made, I conclude that Minn.Stat. § 354.10, subd. 1, which exempts from execution by creditors all funds that the state's teachers have in their Teachers Retirement Fund, is not unconstitutional. The trustee urges that the statute is facially unconstitutional because it contains no limitation on the reasonableness of the amount that teachers may shelter from attack by creditors. I disagree.

In its recent decision in *In re Haggerty*, the Minnesota Supreme Court addressed the issue of the constitutionality of the Minnesota homestead exemption, Minn. Stat. § 510.01:

> If an exemption has no limit of any kind, then it is unconstitutional. On the other hand, an exemption with a dollar, an objective, or a statutory "to the extent reasonably necessary" limit is a proper legislative determination of reasonableness.

*In re Haggerty*, 448 N.W.2d 363, 366 (1989). The *Haggerty* court upheld the constitutionality of the acreage limitation, even though the court recognized that, under such a limit, a debtor who owned a homestead located in an area prized by the market could exempt considerable value from the reach of his or her creditors. *Id.* at 365–66. After *In re Haggerty*, the constitutionality of exemption statutes must be decided by the foregoing standard.

---

1. *See In re McKeag,* 104 B.R. 160 (Bktcy.D.Minn. 1989).

The exemption statute at issue in the instant case contains no dollar limitation, and it likewise contains no "to the extent reasonably necessary" limit. The issue is whether the statute contains an objective limit, which under *In re Haggerty* would be sufficient to uphold the exemption. *Id.* at 366. In a closely analogous case, Judge O'Brien held that the exemption provided for in the Public Employee Retirement Act, which exempts all sums put away by public employees of this state in their retirement fund, is not unconstitutional for failure to limit the exemption to a reasonable amount. *In re Lockhart,* Bky. No. 3–87–1727 (Bktcy.D.Minn. Jan. 12, 1988), *aff'd sub nom. Iannacone v. Lockhart (In re Lockhart),* 112 B.R. 962 (D.Minn.1988). His reasons for upholding the exemption were two fold: 1) the amount that an employee was allowed to contribute is a modest percentage of that employee's salary; and 2) salaries and wages of public employees are established by law and thus are presumed reasonable. In other words, a reasonable limitation may be found in other provisions of an integrated statutory scheme designed to provide the exemption.

Chapter 354 of the Minnesota Statutes, like Chapter 353 which was involved in *In re Lockhart,* is an integrated and comprehensive attempt by the legislature to provide a retirement program for the state's teachers. Contributions to the program are strictly limited to a modest amount (essentially 4.5 to 8.5% of salary, with a limited governmental match). Minn.Stat. § 354.42. Section 354.10, subd. 1 then provides that these funds are entirely exempt from attack by creditors. Thus, the statutes impose an objective limit on the contributions that an individual may make to his or her fund. That percentage limitation provides the "reasonable amount" limitation required by Article 1, § 12 of the Minnesota Constitution.

In *In re Lockhart,* Judge O'Brien went further in holding that the amount against which the percentage limitation was applied was set by statute and thus *presumed* reasonable. In view of the public reaction to the recent Congressional attempt to raise the salaries of Congress, upper-level federal executives and federal judges, I will not presume (even though I may personally believe) that teachers' salaries are inherently reasonable. What we have learned from that debate is that what is a reasonable salary to the person who pays it may not necessarily be considered reasonable to the person who receives it. The important point, however, is that teachers' salaries are inherently limited. The local political process by which teacher salaries are set precludes substantial increases in teachers' salaries.

These two limitations—on the amount against which the percentage calculation is made and on the percentage itself—impose an objective limit on the exemption. That objective limit is found on the face of related provisions of the Chapter involved. In finding such an objective limitation, I had no need to assume matters outside legislative enactments themselves, although I was required to examine closely related statutory sections to find those limitations. I agree with Judge Kishel's conclusion in *In re Patty* that the language of Article 1, § 12, which provides that the amount of property exempt "shall be determined by law," "contemplates that only the Legislature shall have the power to delimit exemption protections." *In re Patty,* Bky. No. 3–86–196, slip op. at 5, 1990 WL 43222 (Bktcy.D.Minn. Jan. 16, 1990). In my view, the legislature has, by enacting an integrated body of retirement legislation, made the "specific reference" Judge Kishel found essential. *See In re Patty,* slip op. at 6. Moreover, and quite importantly, the Teachers Retirement Fund differs significantly from ERISA qualified plans, IRAs, KEOGHs, and similar federal plans. The teachers have no option regarding their maximum contribution; they may not contribute in excess of the percentages set out in the legislation creating the fund. In contrast, the federal exemptions are unlimited if one chooses to forego favorable tax benefits in return for sheltering large sums from creditors.

■ For the foregoing reasons, I have concluded that Minn.Stat. § 354.10, subd. 1

does not violate Article 1, § 12 of the Minnesota Constitution. I also conclude that the exemption provided by that statute does not violate Article 12, § 1 of the Minnesota Constitution, which "prohibits special legislation when a general law can be made applicable." *In re Tveten*, 402 N.W.2d 551, 558 (Minn.1987).

In *In re Tveten*, the Minnesota Supreme Court held that a statute providing a "limitless" exemption for unmatured insurance policies and annuities purchased from fraternal benefit societies violated Article 12, § 1. *Id.* at 559. The statute was challenged based on the fact that the legislature had provided only a limited exemption for policies and annuities purchased from for-profit commercial insurance companies. The *Tveten* court concluded that the only possible justification for the differentiation between the two classes of debtors (those holding fraternal-benefit-society policies versus those holding commercial insurance policies) was to provide an indirect subsidy to fraternal benefit societies by making their products more attractive to investors than those offered by for-profit companies. *Id.* The court further concluded that this indirect benefit to fraternal benefit societies bore no rational relationship to the purpose of the exemption, which was to "protect a debtor and his family against absolute want," and therefore the exemption was unconstitutional. *Id.* (quoting *Poznanovic v. Maki*, 209 Minn. 379, 382, 296 N.W. 415, 417 (1941)).

The exemption addressed by the *Tveten* court is distinguishable from the statute at issue in the instant case. The differentiation between teachers and other pension holders [2] created by the "limitless" exemption afforded to teachers' pensions is rationally related to the purpose of the exemption. *See id.* at 558. By enacting the exemption, the legislature expressed its desire to provide specially for the financial well-being of teachers, who through their services bestow a special and exceedingly valuable benefit upon all the inhabitants of this state, by exempting the teachers' statutorily-created pension. The "limitless"

nature of that exemption furthers the legislature's purpose by providing additional financial benefit to teachers, rather than providing an indirect benefit to entities that are not the primarily intended beneficiaries of the exemption. Consequently, the exemption does not violate Article 12, § 1.

ACCORDINGLY, IT IS HEREBY ORDERED that the trustee's objection to debtor's exemption of his interest in a Teachers Retirement Association Plan pursuant to Minn.Stat. § 354.10, subd. 1 is overruled.

---

2. *See* Minn.Stat. § 550.37, subd. 24. (1986).